RECEIVED
IN LAKE CHARLES, LA

JUN 2 6 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. CR. NO. 98-20097-01 |
|---|---|---|
| | | CV. NO. 05- 1271 |
| VS. | : | JUDGE TRIMBLE |
| ALBERT HOLMES, JR. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence (doc. #21 in Criminal No. 98-20097-01) filed by the defendant, Albert Holmes, Jr. ("Holmes"). The Government opposes the motion because of its untimeliness.

## PROCEDURAL HISTORY

On September 21, 1998, pursuant to a written plea agreement, Holmes plead guilty to count I of a one count bill of information charging him with distribution of less than five grams of cocaine base or crack, in violation of 21 U.S.C. § 841(a)(1)(b)(1)(C). On December 21, 1998, Holmes was sentenced to 151 months imprisonment. On December 28, 1998, Holmes filed a notice of appeal to the United States Court of Appeals, Fifth Circuit. The Fifth Circuit dismissed Holmes' appeal as frivolous and entered a mandate in the district court record on October 26, 1999. Holmes filed the instant motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on July 13, 2005.

## LAW AND ANALYSIS

Holmes argues the following regarding his sentence: (1) this Court's determination that he was a career offender resulting in an enhanced sentence was unlawful citing *United States v.*

*Booker*,[1] and (2) ineffective counsel of record due to a conflict of interest. The Government asserts that Holmes' motion is untimely. Holmes argues that the ruling in *Booker* can be applied retroactively rendering his motion timely, citing *Dodds v. United States*.[2] *Dodd* stands for the proposition that the one-year limitation under § (3) of 28 U.S.C. 2255[3] begins to run on the date the Supreme Court initially recognized the right asserted in a motion *but only if* that right has been made retroactively applicable to cases on collateral review.

The law is clear that *Booker* is not applicable retroactively to cases on collateral review.[4] In discussing the consequences of its decision, the *Booker* court stated that the decision applies to cases on direct review.[5] The Fifth Circuit has held that *Bookers'* holding is not retroactively applicable to cases on collateral review.[6] Accordingly, the motion concerning an unlawful sentence enhancement is untimely under the statute of limitation provisions of 28 U.S.C. § 2255.

Holmes further submits that he recently discovered that his attorney also represented his uncle and first cousin, who were all caught in the "Government's "Sting" by the same cooperating informant within days of each other."[7] Holmes admits in his brief that he knew his attorney

---

[1] __ U.S. __, 125 S.Ct. 738 (Jan. 12, 2005)

[2] 125 S.Ct. 2478 (2005).

[3] This provision provides that a one-year limitation period shall run from, "(3) the date which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

[4] See also *Shepard v. United States*, 125 S.Ct. 1254, 1257 (2005).

[5] *Booker*, 125 S.Ct. at 769.

[6] *Padilla v. U.S.*, 416 F.3d 424, 427, (App. 5th Cir. 2005).

[7] Holmes' brief, page 5.

2

represented all three men, but maintains that he "certainly had <u>no idea</u> what that meant."[8] Again, Holmes' motion is untimely under 28 U.S.C. § 2255(4) which prescribes a 1-year period of limitation that runs from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

## **CONCLUSION**

Based on the foregoing, the motion to vacate, set aside or correct a sentence will be denied and dismissed.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this ___ day of ~~May~~ June, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[8] *Id.*